UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MARION LEON BEA,

                Plaintiff,

        - against -

ATLANTIC AVENUE ASSESSTMENT [sic]
SHELTER, 30TH STREET SHELTER,
SCHWARTZ ASSESTMENT [sic] SHELTER,
MS. SAMFORD, and JANE DOE/JOHN DOE,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-3184 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Marion Leon Bea, appearing *pro se*, brings this action seeking damages for alleged unsanitary conditions and negligent treatment at three homeless shelters. Plaintiff's request to proceed *in forma pauperis* is hereby granted and Plaintiff's request for the appointment of *pro bono* counsel is denied. For the reasons that follow, the complaint is dismissed.

## BACKGROUND

      Plaintiff alleges that poor living conditions in New York City shelters violate his constitutional rights and amount to negligence on the part of Defendants. (Complaint, Dkt. 1, at ECF[1] 7–8.) Specifically, Plaintiff alleges that on March 2, 2019, he arrived at the 30th Street Men's Shelter in Manhattan and found trash in the sleeping area and was given expired food. (*Id*. at ECF 7.) Plaintiff was then transferred to the Atlantic Assessment Shelter. (*Id.*) There he encountered "unsanitary living conditions, abuse of authority, violation of law, cruel and unusual punishment, [and] no due process." (*Id*.) After complaining to the City's Department of Homeless

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Services, Plaintiff was transferred to the Schwartz Assessment Shelter, where he again encountered unsanitary living conditions. (*Id*. at ECF 8.) Plaintiff states that he "became ill from eating food at the Schwatz [sic] shelter, and got [a] foot fungus . . . from the unsanitary showers." (*Id.*) Plaintiff seeks monetary damages. (*Id.* at ECF 5.)

## **LEGAL STANDARD**

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotations and citation omitted).

However, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**DISCUSSION**

Plaintiff alleges subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Federal subject matter jurisdiction is available when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332; *see also Koso v. McCulloh*, No. 18-CV-7415 (JMA) (AYS), 2019 WL 1748606, at *2 (E.D.N.Y. Apr. 18, 2019). Here, diversity of citizenship is clearly lacking because Plaintiff and Defendants are deemed to reside in the same state. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)). However, because Plaintiff invokes federal question jurisdiction, the Court also considers whether Plaintiff states a constitutional or federal statutory claim pursuant to Section 1983.[2]

Plaintiff's allegations that the living conditions at the shelters were substandard does not rise to the level of a constitutional violation. The Court notes that access to shelter is not a constitutional right, nor is there any government obligation to provide adequate housing. *Lindsey v. Normet*, 405 U.S. 56, 74 (1972); *Richardson v. City of New York*, No. 12-CV-2545 (WHP), 2013 WL 2124176, at *2 (S.D.N.Y. Apr. 17, 2013). Although the Court is sympathetic to Plaintiff's plight, the Constitution does not impose a duty of care on a shelter from which Plaintiff is free to

---

[2] The Court notes that Plaintiff names three shelters and John Doe employees as Defendants. However, it is unclear to the Court whether these shelters are privately-run, or whether they are run by the City or the State of New York. To the extent that the shelters are private organizations, the shelter and its employees are not state actors for the purpose of Section 1983. *See Carter v. Rennessanice [sic] Men's Shelter*, No. 12-CV-5999 (BMC) (VMS), 2013 WL 308685, at *2 (E.D.N.Y. Jan. 25, 2013). Construing the complaint liberally, the Court assumes for purposes of its analysis that the three shelters are run by a government entity, whether the City or the State of New York.

leave. *See, e.g., Ghouneim v. DHS*, No. 19-CV-748 (CM), 2019 WL 1207857, at *2 (S.D.N.Y. Mar. 13, 2019); *Brown v. City of New York*, Nos. 17-CV-5836 (LDH) (ST) & 17-CV-2281 (LDH) (ST), 2018 WL 1770557, at *4 (E.D.N.Y. Apr. 12, 2018) (holding that a private homeless shelter did not have a special duty of care and protection toward residents who could voluntarily leave the shelter); *Carter v. City of New York*, No. 13-CV-1839 (RA), 2014 WL 4953641, at *3 (S.D.N.Y. Sept. 30, 2014) (plaintiff's claim that his living quarters were infested with insects and rodents did not implicate any constitutional rights as plaintiff was free to leave the shelter).

Further, to the extent that Plaintiff seeks to assert a claim for negligence, his claim fails to state a claim under the Due Process Clause or any other provision of federal law. Due process protections are not triggered by the negligence of state officials. *See Daniels v. Williams*, 474 U.S. 327, 333 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) (although official's negligence led to serious injury, the Constitution requires no procedure to compensate injury arising from negligence); *see also Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."). Accordingly, Plaintiff's allegations of poor living conditions at New York City area homeless shelters fail to rise to the level of a federal statutory or constitutional violation.[3]

Given that all of Plaintiff's claims under federal law fail, the Court declines to exercise supplemental jurisdiction over any potential state law claims. *See Kolari v. N.Y.-Presbyterian*

---

[3] Though ordinarily the Court would allow Plaintiff an opportunity to amend his pleading, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), such an opportunity is not warranted here, as it is clear from the face of the complaint that any such amendment would be futile, *see Cuoco*, 222 F.3d at 112 ("The problem with [Plaintiff]'s causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

*Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 confirms the discretionary nature of supplemental jurisdiction.") (internal quotations and citation omitted).

## CONCLUSION

For the reasons set forth above, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction over any potential state law claims. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 20, 2019
      Brooklyn, New York